UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS DANIEL STILES, SR.,<br><br>Plaintiff,<br><br>v.<br><br>S. BARNS, et al.,<br><br>Defendants. | No. 2:20-cv-0783 DB P<br><br><u>ORDER</u> |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and finds plaintiff fails to state any cognizable claims for relief. Plaintiff will be given an opportunity to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards for § 1983 Cases**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

    **A. Allegations of the Complaint**

Plaintiff is an inmate at High Desert State Prison ("HDSP"). Plaintiff identifies one defendant – Correctional Counselor S. Barns. Plaintiff also alleges conduct by unnamed, "Doe," defendants.

Plaintiff states that on March 5, 2020, he was leaving the chow hall when a female correctional officer, Doe #1, accused him of throwing food on the floor. Plaintiff contends Doe #1 called him names and insisted he clean up the food. Plaintiff told Doe #1 he did not throw any food and she was unable to locate any food on the floor. Doe #2, a male correctional officer, then told plaintiff to clean up the food. Doe #2 also called plaintiff names and prevented him from leaving the chow hall. When Doe #2 turned to attempt to locate the food on the floor, plaintiff ran out of the chow hall. Doe #2 then followed plaintiff and threatened to beat him up. Doe #2 raised his arms and "balled his fists in a combat boxing stance." Plaintiff then returned to his cell.

Plaintiff states that he submitted a prison appeal about the episode and designated it an emergency. Defendant Barns replied that plaintiff's complaint did not constitute an emergency.

Plaintiff's appeal was then screened out because plaintiff did not include "proof." Plaintiff states that he has attempted to get prison video footage of the incident but has been refused.

For relief, plaintiff seeks nominal and punitive damages.

**B. Does Plaintiff State Cognizable Claims for Relief?**

Plaintiff states that he is alleging excessive force in violation of the Eighth Amendment and violations of his First Amendment right of access to the courts. This court finds plaintiff's complaint does not allege potential violations of either amendment.

**1. Eighth Amendment**

To state a claim for excessive force, plaintiff must show that he was subjected to excessive physical force that was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (internal quotation omitted). Here, plaintiff fails to show defendants used any physical force. Rather, the "assault" described by plaintiff involved verbal threats and intimidating behavior on a single occasion. Generally speaking, allegations of verbal threats and/or verbal harassment alone are insufficient to state an Eighth Amendment claim. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), as amended, 135 F.3d 1318 (9th Cir. 1998); see also Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (Verbal harassment and abuse alone are insufficient to state a constitutional deprivation under § 1983.); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (prisoner's allegation of threats allegedly made by guards failed to state a cause of action). The Ninth Circuit has expressly held that "it trivializes the [E]ighth [A]mendment to believe a threat constitutes a constitutional wrong." Gaut, 810 F.2d at 925.

Moreover, plaintiff seeks only damages in this action. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). For these reasons, plaintiff fails to state a cognizable claim for relief under the Eighth Amendment.

////

**2. First Amendment**

To state a First Amendment claim of denial of access to the courts, plaintiff must allege facts showing that he suffered an "actual injury" as a result of the defendants' alleged actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996). Further, plaintiff must demonstrate that each defendant intentionally and actively misused their power to deny plaintiff access to the courts. Roman v. Allison, No. 1:11-cv-0730-MJS (PC), 2012 WL 293380, at *2 (E.D. Cal. Jan. 31, 2012); Funches v. Ebbert, 638 F. Supp. 2d 1014, 1019 (S.D. Ill. 2009) (citing Daniels v. Williams, 474 U.S. 327 (1986)).

In the present case, plaintiff appears to be alleging that defendant Barns wrongly found his prison appeal inadequate. In that appeal, plaintiff stated he had been "attacked and assaulted by prison staff." (ECF No. 1 at 13.) In the response to that appeal, which plaintiff appears to attribute to defendant Barns, plaintiff was informed that his appeal was being rejected because he had "generally" made an allegation but had not provided facts consistent with that allegation. (Id. at 16.) The response did not, as plaintiff claims, require him to present proof. Rather, it required him to present facts to support his allegation that he had been attacked and assaulted. Plaintiff fails to show that this dismissal of his appeal was done in an intentional effort to deny him access to the courts. Plaintiff fails to allege a First Amendment claim against defendant Barns.

It also appears that plaintiff is attempting to allege a claim that the refusal to provide him with a copy of video footage violated his First Amendment rights. However, plaintiff fails to show he was entitled to a copy of the video footage. Further, plaintiff does not identify who was responsible for his inability to obtain the footage. And, as stated in the prior paragraph, plaintiff does not show that he required that video footage in order to submit a prison appeal. Rather, the dismissal of his appeal stated that he needed to allege sufficient facts, not provide proof.

## CONCLUSION

This court finds plaintiff fails to state any claims cognizable under the Eighth or First Amendment. While this court finds it is unlikely plaintiff will be able to state a cognizable claim, plaintiff will be given an opportunity to amend his complaint to attempt to do so. Plaintiff is

advised that he must adhere to the following legal standards for stating claims for relief under § 1983.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civilrights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
- The following people are typically not appropriate defendants in a § 1983 action: (1) supervisory personnel, see <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979) (supervisors not liable for the actions of their employees under § 1983; respondeat superior is not a basis for liability); and (2) persons whose only role was reviewing plaintiff's administrative appeals, see <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007) (Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.).
- Plaintiff must make a short, plain statement of the facts supporting each claim. <u>See</u> Fed. R. Civ. P. 8(a).
- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

////

////

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.
- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.
- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

Finally, plaintiff is advised that by signing an amended complaint, he certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: May 11, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/stil0783.scrn lta